RONALD D. FISHER
9595 WEST QUINCY AVENUE
LITTLETON, COLORADO
80123
Petitioner, Pro Se.

FILED

-5 MAR 01 PM 3:01

DISTRICT OF UTAH

BY:_____

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

CASE NO. 2:96-CR-00103-001-S
2:00cv912 S

UNITED STATES OF AMERICA,

                                             Respondent,

                    vs.

RONALD D. FISHER,

                                             Petitioner.

---

### M O T I O N

---

Comes the Petitioner, Ronald D. Fisher, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, who respectfully moves the Court to order the United States Attorney to respond to the § 2255 motion filed with this Court on or about November 14, 2000. In support hereof, the Petitioner shows the Court as follows:

1.    That the Petitioner raised two claims in this action. First, that his pleas to Counts 8, 24, and 25 were unknowing and involuntary because he received the ineffective assistance of counsel.    Second, that the Petitioner received the ineffective assistance of counsel at sentencing and on direct

-1-



appeal because counsel failed to investigate certain aspects of this case.

2.    That the Petitioner has received certain information material to both issues raised in this action.    This information concerns the loss calculations made by the Court on December 22, 1998.   Specifically, the Petitioner now has information and supporting documentation that the losses attributed to CUMIS (UCCU) were grossly exagerated.

During the sentencing hearing, reference was made to an individual named Elaine Monson of CUMIS who claimed that the losses to CUMIS were in the range of $1,955,000.00 and that other checks of Mr. Fisher were also outstanding.   See 12-22-98 TR pp. 33-37.  This was absolutely false.

Six months prior to the Petitioner's sentencing, Elaine Monson, Dale Ruhland, and Ron Eliason provided depositions in a civil suit between Provo Finance and CUMIS (UCCU) over certain funds underlying this case.   In these depositions, it was revealed that CUMIS did not sustain a loss of $1,955,000.00, because all but some $620,000.00 had been paid to CUMIS before the sentencing in this case.

Furthermore, contrary to the representations made by Ms. Monson regarding "additional checks," 12-22-98 TR p. 35, no other checks were issued that would have increased CUMIS's liability beyond the $620,000.00.   This was known to Ms. Monson when she appeared before this Court on December 22,

1998.

What this does is reduce the loss amounts set forth in the presentence report at ¶¶ 49 and 50, as well as the special offense adjustment of 13 levels for losses between 2.5 and 5 million dollars (¶ 85) and the special offense adjustment of four levels for victimizing a financial institution for more than 1 million dollars (¶ 87).

3.   That, in addition to the foregoing, the Petitioner has information and other documentation that the $520,000.00 loss to Provo Finance LLC., Petitioner's Brief at p. 14; presentence report at ¶¶ 38 and 39, was satisfied by funds that were withheld unlawfully.  Had the law firm representing CUMIS released the funds from the trust account, as the state court later found they should have, Provo Finance LLC. would not have been able to claim these monies as a loss.

The Fourth Judicial District Court of Utah County ruled in December of 2000, neither CUMIS nor UCCU had a legal claim to the monies held in trust.  The state court granted Provo Finance's motion for summary judgment and ordered the funds released to Provo Finance.  Consequently, Provo Finance LLC. sustained no losses of these funds and the delay in obtaining such funds can be attributed only to the attorneys for CUMIS, one of whom was Ms. Elaine Monson.

4.   That these misrepresentations adversely affected the Petitioner's overall sentence.  We do not have any information

whether the U. S. Attorneys Office for the District of Utah was aware of these misrepresentations.   However, the Court should call for a response from the U. S. Attorney and set this case for a "prompt hearing" as required under 28 USC § 2255.

5.   That this Motion is made in good faith and not for purposes of delay or vexation.

WHEREFORE the Petitioner, Ronald Fisher, respectfully moves this Court to issue an order directing the United States Attorney to respond to the Petitioner's § 2255 motion, as well as the factual claims made in this Motion.

The Petitioner further requests that this matter be scheduled for a prompt hearing.

Dated this 28TH day of February, 2001.


_____
RONALD FISHER
Petitioner.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing MOTION was served on the Attorney for the Respondent by mailing a copy with First Class postage prepaid thereon to:

> OFFICE OF THE U. S. ATTORNEY
> DISTRICT OF UTAH
> 185 SOUTH STATE STREET
> SUITE 400
> SALT LAKE CITY, UTAH
> 8411

on this 28TH day of February, 2001

RONALD FISHER
Petitioner.

-5-